McGREGOR W. SCOTT
United States Attorney
PAUL HEMESATH
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile: (916) 554-2900

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br>  Plaintiff, <br><br> v. <br><br> VILIAMI MOSESE FATUKALA, <br> QUYNHMY QUOC YAMAMOTO, <br> IRIS JUNE MICU MINA, and <br> JOHN PHILLIP HOLLIS, II, <br><br>  Defendants. | CASE NO. 2:20-CR-00005 KJM <br><br> STIPULATION AND PROTECTIVE ORDER RE: DISSEMINATION OF DISCOVERY DOCUMENT AND/OR INFORMATION SUBJECT TO A PROTECTIVE ORDER |

**STIPULATION**

IT IS HEREBY STIPULATED AND AGREED among the parties and their respective counsel, as follows:

1. This Court may enter protective orders pursuant to Rule 16(d) of the Federal Rules of Criminal Procedure, and its general supervisory authority.

2. This Order pertains to all discovery provided to and/or made available to defense counsel as part of discovery in this case (hereafter, collectively known as "the discovery").

3. The discovery in this matter contains personal identifying information, data relevant to other ongoing investigations, and data relating to cooperating witnesses.

4. The parties request a protective order with regard to the discovery because disclosure of the personal identifying information and other sensitive data could result in identity theft,

STIPULATION AND [PROPOSED] PROTECTIVE ORDER

1

invasion of privacy, resulting financial loss, the compromise of ongoing investigations, and the threat to cooperating witnesses.

5. The parties request the Court's order in this matter because the sensitivity of third-parties' personal identifying information and other data discussed here requires special protection.

6. Defense counsel shall not disclose any of the discovery and/or information to any person and/or entity other than their respective defendant/client, and/or witnesses that they may be interviewing and/or preparing for trial and/or attorneys, law clerks, paralegals, secretaries, experts, consultants and/or investigators involved in the representation of defense counsel's defendant/client in this case.

7. The discovery and/or information therein may only be used in connection with the litigation of this case and for no other purpose. The discovery is now and will forever remain the property of the United States Government. Defense counsel will return the discovery to the Government or certify that it has been shredded and/or deleted at the conclusion of the case, except that Defense counsel may keep one copy for its own files, subject to the security restrictions stated in this document.

8. Defense counsel will store the discovery in a secure place and will use reasonable care to ensure that it is not disclosed to third persons in violation of this agreement.

9. If defense counsel make, or cause to be made, any further copies of any of the discovery, defense counsel will inscribe the following notation on each copy: "U.S. Government Property; May Not be Used Without U.S. Government Permission."

10. If defense counsel releases custody of any of the discovery and/or information, and/or authorized copies thereof, to any person and/or entity described in paragraph 6, defense counsel shall provide such recipients with copies of this Order and advise that person that the discovery is the property of the United States Government, that the discovery and information therein may only be used in connection with the litigation of this case and for no other purpose, and that an unauthorized use of the discovery may constitute a violation of law and/or contempt of court.

11. Discovery materials, while in the custody and control of the defense attorney, may be

STIPULATION AND [PROPOSED] PROTECTIVE ORDER      2

      reviewed by the defendant represented by a defense attorney, licensed investigators employed by the defense attorney, and any other individuals deemed necessary by the defense attorney. Defendants are prohibited from copying the materials or maintaining personal copies of any such materials and shall be prohibited from transporting any of these materials to their cellblocks, if applicable.

12. Defense counsel shall each be responsible for advising their defendant/client, employees and other members of the defense team and defense witnesses of the contents of this Stipulation and Order.

IT IS SO STIPULATED.

Dated: April 22, 2020

McGREGOR W. SCOTT
United States Attorney

/s/ Paul Hemesath
PAUL HEMESATH
Assistant United States Attorney

Dated: April 22, 2020

/s/ ERIC H. HINTZ
ERIC H. HINTZ
Counsel for Defendant
VILIAMI MOSESE FATUKALA

Dated: April 22, 2020

/s/ MICHAEL D. LONG
MICHAEL D. LONG
Counsel for Defendant
QUYNHMY QUOC YAMAMOTO

Dated: April 22, 2020

/s/ DINA L. SANTOS
DINA L. SANTOS
Counsel for Defendant
IRIS JUNE MICU MINA

Dated: April 22, 2020

/s/ TIMOTHY ZINDEL
TIMOTHY ZINDEL
Counsel for Defendant
JOHN PHILLIP HOLLIS, II

## ORDER

For good cause shown, the stipulation of counsel in criminal case number 2:20-CR-00005 KJM, is approved and

FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.

Dated:  April 24, 2020

*/s/ Carolyn K. Delaney*
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE